**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**


**SMART SYSTEMS TECHNOLOGIES, INC.**,

    Plaintiff,

vs.                                      No. **CIV 01-0325 MCA/LFG**

**DOMOTIQUE SECANT, INC.**,

    Defendant,

and

**DOMOTIQUE SECANT, INC.**,

    Plaintiff,

vs.                                        No. **CIV 02-0013 MCA/KBM**

**SMART SYSTEMS TECHNOLOGIES, INC.**,

    Defendant.


**MEMORANDUM OPINION AND ORDER
COMPELLING APPOINTMENT OF ARBITRAL TRIBUNAL
AND STAYING PROCEEDINGS WHILE ARBITRATION IS PENDING**


    **THIS MATTER** comes before the Court on the Petition for Enforcement of Arbitration Provision and Entry of Arbitration Order [Doc. No. 1] filed by Smart Systems Technologies, Inc. (hereinafter "Smart Systems") in Civil No. 01-325 on March 22, 2001, the Motion to Dismiss Smart Systems' Petition for Enforcement of Arbitration Provision and Entry of Arbitration Order [Doc. No. 8] filed by Domotique Secant, Inc. (hereinafter

"Domotique Secant") in Civil No. 01-325 on June 15, 2001, and the Motion to Dismiss the Counterclaims of Smart Systems or Stay the Proceedings Pending Arbitration [Doc. No. 13] filed by Domotique Secant in Civil No. 02-0013 on April 25, 2002. Having considered the pleadings of record, the arguments of counsel, the relevant law, and otherwise being fully advised in the premises, the Court finds grounds for denying Domotique Secant's motion to dismiss in Civil No. 01-325, granting Smart Systems' petition in part in Civil No. 01-325, and granting the alternative relief requested in Domotique Secant's motion in Civil No. 02-0013 as explained below.

## I. BACKGROUND

These consolidated actions arise from a commercial dispute between a New Mexico corporation located in Albuquerque and a Canadian corporation with a principal place of business in Montreal, Quebec. In December 1998, the parties entered into a distribution agreement containing the following arbitration clause:

> ARBITRATION AND APPLICABLE LAW  In the event that any dispute for a value in excess of $10,000 arises between the Parties with respect to the interpretation or the execution of any term or condition of this Agreement, Parties shall refer the matter to arbitration to be governed in accordance with the Model Law on International Commercial Arbitration as adopted by UNCITRAL on June 21, 1985. Either Party shall give a written notice to the other [P]arty of the referral of a dispute to an arbitration which shall be composed of three arbitrators, namely one chosen by the grieving Party, the second by the other Party[,] and the third to be chosen by the other two arbitrators. In the event of a deadlock, the arbitrators shall refer to the relevant tribunal having jurisdiction where the arbitration is held to appoint the third arbitrator. The jurisdiction and the governing law shall be the ones of the domicile of the grieving Party. The grieving Party shall deposit in escrow an amount of $5,000 (US) to cover the costs of the arbitration and as advance to the other Party for the institution of the proceedings. Parties agree that the

> arbitrators shall have exclusive competence and jurisdiction and that their decision shall be binding, final and without any right to appeal. It is agreed that the losing Party shall bear all reasonable costs of the arbitration including lawyers' fees or as otherwise directed by the arbitrators.

(Exhibit A, Section 20.) The parties' distribution agreement also sets forth terms and conditions concerning, among other things, sales, expenses, and warranties.

By letter dated January 16, 2001, and received via facsimile on that same date, Smart Systems' counsel gave written notice to Domotique Secant's Canadian counsel of the referral of a dispute to arbitration. According to Smart Systems' notice of arbitration, the dispute between the parties involves the following issues: (1) "whether the units shipped to SSTI are FCC compliant on parts 15 and 68 and if not who shall pay the cost to repair and replace"; (2) "whether SSTI has a right to review the KTL report to assure itself that the units shipped after August, 2000 are FFC complaint on parts 15 and 68"; (3) "whether the design (both pre and subsequent August, 2000) causes the telephone number dialed to be incorrect"; and (4) "whether payment should be made to Secant for approximately $200,000 when SSTI is not able to verify that all units are FCC compliant (parts 15 and 68) and the units are 'bug' free." The relief sought by Smart Systems in its notice of arbitration "is the right to review the KTL report and appropriate testing to ensure the product shipped is FCC compliant, parts 15 and 68, and that the product is 'bug' free and if costs result from replacement and/or repair, then such costs shall be borne by [Domotique] Secant pursuant to its representations and warranty." Smart Systems' counsel also submitted evidence indicating it had deposited $5,000.00 (US) in escrow to cover the costs of the arbitration.

Domotique Secant's motion in Civil Number 01-0325 does not recognize the validity or effect of Smart Systems' notice of arbitration because Domotique Secant claims to have filed its own demand for arbitration prior to that of Smart Systems. In a letter addressed to Smart Systems' counsel dated January 4, 2001, Domotique Secant's Canadian counsel claimed that Domotique Secant had "sold and delivered . . . merchandise for an amount of $191,472" and warned that "if we do not receive a cheque in the amount of $191,472 . . . in the next five days, this letter shall constitute a notice of arbitration as of January 4, 2001 for failure to pay said sums as due." In a subsequent letter dated February 15, 2001, Domotique Secant's Canadian counsel "contest[ed] vigorously that the arbitration is to be held in accordance with the laws of the State of New Mexico and is subject to its jurisdiction." Domotique Secant's Canadian counsel asserted that the arbitration was instead governed by the laws and subject to the jurisdiction of the Province of Quebec, Canada.

On March 22, 2001, Smart Systems petitioned this Court in Civil Number 01-325 for an order requiring, among other things, that Domotique Secant appoint an arbitrator and undergo an arbitration in New Mexico pursuant to the parties' distribution agreement and Smart Systems' notice of arbitration dated January 16, 2001. Smart Systems also requested that this Court assist in discovery matters regarding the arbitration and confirm the final arbitration award entered by the arbitral tribunal. On June 15, 2001, Domotique Secant responded by moving to dismiss Smart Systems' petition with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6) on the grounds that this Court lacks jurisdiction, or should decline to exercise jurisdiction because Smart Systems failed to state a claim upon which

relief can be granted. In the alternative, Domotique Secant requested that this Court order the arbitration to proceed in Montreal, Quebec, Canada, based upon a finding that Domotique Secant's arbitration demand takes precedence over that of Smart Systems.

On January 4, 2002, Domotique Secant filed a civil action against Smart Systems in this Court which was assigned Civil Number 02-0013. Domotique Secant's Complaint in Civil Number 02-0013 prays for damages of not less than $191,472.00 plus interest, costs, disbursements, and attorney fees, for breach of contract, failure to pay for goods sold and delivered, and failure to pay on an account stated.

On January 11, 2002, Smart Systems filed an answer to Domotique Secant's complaint in Civil Number 02-0013 that listed several affirmative defenses. In one of these affirmative defenses, Smart Systems alleged that Domotique Secant's claim in Civil Number 02-0013 is barred by the arbitration clause contained in the parties' distribution agreement. Smart Systems stated in its answer that the assertion of this defense is intended merely to preserve it and is not to be construed as an election by Smart Systems to waive or to enforce the arbitration agreement.

On January 29, 2002, Smart Systems filed an amended answer that contained counterclaims against Domotique Secant for negligence and negligence *per se*, strict products liability, fraud and intentional misrepresentation, negligent misrepresentation, breach of express warranty, breach of warranty of merchantability, breach of warranty of fitness for a particular purpose, breach of contract, and violation of the New Mexico Unfair Practices Act. In its counterclaims regarding fraud, Smart Systems alleged that the arbitration clause

in the parties' distribution agreement is unenforceable because the agreement was induced by fraud.

On April 25, 2002, Domotique Secant filed a motion to dismiss Smart Systems' counterclaims in Civil Number 02-0013 or, in the alternative, to stay the proceedings pending arbitration of Smart Systems' counterclaims. As grounds for this motion, Domotique Secant asserted that Smart Systems previously had agreed to arbitrate its counterclaims and previously had admitted that arbitration was the proper forum for the parties' dispute. Domotique Secant also asserted that its civil action in Civil Number 02-0013 was filed in error based on ignorance of the arbitration agreement and the prior proceeding in Civil Number 01-325. Smart Systems' response to Domotique Secant's motion in Civil Number 02-0013 asserted that Domotique Secant had waived its right to pursue arbitration and that the arbitration provision is unenforceable due to fraud in the inducement of the contract between the parties.

## II. ANALYSIS

Although the parties have not alleged subject-matter jurisdiction on the basis of a federal question under 9 U.S.C. § 203 (2000) or 28 U.S.C. § 1331 (2000), this Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332 (2000) because the parties are of diverse citizenship and the amount in controversy is not less than the sum or value of $75,000. Neither party has contested personal jurisdiction under Fed. R. Civ. P. 12(b)(2), nor could they, given that each party has asserted jurisdiction by filing a civil action in this Court.

The Court's first task is to determine whether the arbitration clause in the parties' distribution agreement evinces an agreement to arbitrate this dispute. See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U. S. 614, 626 (1985). As in any contract case, the parties' intent is controlling with regard to whether they agreed to arbitrate a particular dispute, and determining intent is a question of law for the court. See Armijo v. Prudential Ins. Co., 72 F. 3d 793, 797 (10th Cir. 1995) (citing Mitsubishi Motors Corp., 473 U. S. at 626). "'[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" Mitsubishi Motors Corp., 473 U.S. at 626 (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)); accord Williams v. Imhoff, 203 F. 3d 758, 764 (10th Cir. 2000).

The arbitration clause at issue here evinces an agreement to arbitrate when there is a dispute for a value in excess of $10,000 with respect to the interpretation, or the execution of any term or condition of the parties' distribution agreement. The arbitration clause further requires written notice and a deposit in escrow of $5,000 to institute the arbitration proceedings regarding such disputes. The arbitration clause is silent as to whether a party is precluded from instituting the arbitration of a dispute based upon the existence of another demand for arbitration regarding a related dispute, or based upon the existence of related litigation between the parties.

In addition, there is some ambiguity concerning the parties' intent because the positions they have asserted in these consolidated actions have not been consistent. After

petitioning for arbitration in Civil Number 01-325 and raising the arbitration clause as an affirmative defense in Civil Number 02-0013, Smart Systems asserted in its counterclaim and in its response to Domotique Secant's motion in Civil Number 02-0013 that it would prefer to litigate the matter in this Court and that the arbitration clause may no longer apply. On the other hand, Domotique Secant initially moved to dismiss Smart Systems' petition for arbitration in Civil Number 01-325 based in part on the assertion that it already had demanded arbitration in Canada. Domotique Secant then filed a civil action in Civil Number 02-0013 asserting jurisdiction in this Court, but subsequently claimed that the arbitration clause applies to Smart Systems' counterclaims and that Civil Number 02-0013 should be stayed while the entire dispute is sent to arbitration.

Resolving in favor of arbitration any doubts created by the silence of the arbitration clause and the ambiguity in the parties' positions during this litigation, see Mitsubishi Motors Corp., 473 U.S. at 626, the Court concludes that Smart Systems' notice of arbitration meets the requirements stated in the arbitration clause for instituting an arbitration and concerns a dispute that is within the scope of the arbitration clause. Accordingly, the Court further concludes that the parties have entered into an agreement to arbitrate the dispute that is the subject of Smart Systems' notice of arbitration.

Examining the pleadings and exhibits of record in this case in light of the six factors listed in Metz v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 39 F.3d 1482, 1489 (10th Cir. 1994), the Court concludes that Smart Systems has not met the "heavy burden of proof" required to show that arbitration has been waived in this case, Peterson v. Shearson/Am.

Express, Inc., 849 F.2d 464, 466 (10th Cir. 1988). In particular, the Court notes that the parties notified one another of their respective arbitration demands before the litigation ensued, the issue of arbitration was brought to the Court's attention promptly at the early stages of the litigation before substantial steps toward trial preparation had taken place, and, while both parties might be accused of asserting somewhat ambiguous or inconsistent positions in these consolidated actions, neither party has shown that they were unfairly affected, misled, or prejudiced by delays attributable to such inconsistencies or ambiguities. See Metz, 39 F.3d at 1489. Further, Smart Systems' counterclaim of fraud in the inducement of the entire contract containing the arbitration clause does not preclude this Court from referring this dispute to arbitration. See Meyer v. Dans un Jardin, S.A., 816 F.2d 533, 538 (10th Cir. 1987).

The arbitration clause evinces an agreement that the arbitration of disputes between the parties shall be governed by the Model Law on International Commercial Arbitration as adopted by the United Nations Commission on International Trade Law (UNCITRAL) on June 21, 1985. There are limited circumstances in which courts shall intervene in matters governed by the UNCITRAL Model Law. In particular, Article 8(1) of the UNCITRAL Model Law provides that:

> A court before which an action is brought in a matter which is the subject of an arbitration agreement shall, if a party so requests not later than when submitting his first statement on the substance of the dispute, refer the parties to arbitration unless it finds that the agreement is null and void, inoperative or incapable of being performed.

Accord Convention on the Recognition and Enforcement of Foreign Arbitral Awards, done June 10, 1958, art. II, para. 3, 21 U.S.T. 2517, 330 U.N.T.S. 3 (reprinted at 9 U.S.C. § 201 note (2000)); 9 U.S.C. §§ 2, 208 (2000). Article 11(4) of the UNCITRAL Model Law further provides that: "Where, under an appointment procedure agreed upon by the parties, . . . a party fails to act as required under such procedure, . . . any party may request the court . . . to take the necessary measure, unless the agreement on the appointment procedure provides other means for securing the appointment." Accord 9 U.S.C. § 206 (2000).

In this case, the arbitration clause provides that the arbitral tribunal "shall be composed of three arbitrators, . . . one chosen by the grieving Party, the second by the other Party[,] and the third to be chosen by the other two arbitrators." The arbitration clause does not further specify the appointment procedure, except to indicate that if the two arbitrators chosen by the parties reach a deadlock regarding the appointment of the third arbitrator, then those two arbitrators shall refer the matter to the relevant tribunal having jurisdiction where the arbitration is held to appoint the third arbitrator. In addition, the parties have indicated an unwillingness to appoint qualified arbitrators based upon one another's demands. Thus, the Court concludes that the issue of compelling appointment of an arbitral tribunal is properly before it under the UNCITRAL Model Law inasmuch as the parties' failure to act as required under the appointment procedure spelled out in the arbitration clause renders their arbitration agreement incapable of being performed at this juncture.

By compelling the appointment of an arbitral tribunal, however, the Court does not preclude that tribunal from ruling on issues properly raised by the parties in accordance with

the UNCITRAL Model Law once it is appointed. Under Article 16(1) of the UNCITRAL Model Law, for example, the "arbitral tribunal may rule on its own jurisdiction, including any objections with respect to the existence or validity of the arbitration agreement." Under Article 16(2) of the UNCITRAL Model Law, the fact that a party has appointed or participated in the appointment of an arbitrator does not preclude that party from timely pleading in its statement of defense that the arbitral tribunal lacks jurisdiction. If the parties cannot agree on the place of arbitration, the arbitral tribunal also may determine that issue under the parameters set forth in Article 20 of the UNCITRAL Model Law. Thus, resolving "'any doubts concerning the scope of arbitrable issues . . . in favor of arbitration,'" Mitsubishi Motors Corp., 473 U.S. at 626 (quoting Moses H. Cone Mem. Hosp., 460 U.S. at 24-25)), the Court does not preclude the parties from timely raising issues before the arbitral tribunal relating to the jurisdiction of that tribunal, or the place of arbitration.

On the other hand, the appointment of an arbitral tribunal does not necessarily end this Court's involvement in the claims and counterclaims that form the subject of these consolidated actions. For example, the Court may be called upon to assist in the taking of evidence pursuant to Article 27 of the UNCITRAL Model Law, and to recognize an arbitral award as binding and enforceable pursuant to Articles 35 and 36 of that model law. For these reasons, the Court determines that a stay of these proceedings while arbitration is pending, rather than a dismissal, is appropriate at this time. Cf. 9 U.S.C. § 3 (2000) (providing that the Court, upon being satisfied that the issue involved is referable to

arbitration under an agreement, shall stay the trial of an action until an arbitration has been had in accordance with the terms of the agreement).

## III. CONCLUSION

For the foregoing reasons, the Court determines that it has jurisdiction and authority to compel appointment of an arbitral tribunal in these consolidated actions and that there is good cause for compelling such an appointment at this time. Further, the Court determines that a stay of the proceedings is warranted while the arbitration is pending. The Court retains jurisdiction to intervene as provided in the UNCITRAL Model Law regarding matters including, but not limited to, issues such as assistance with discovery and recognition of an arbitral award.

**IT IS, THEREFORE, ORDERED** that Domotique Secant's Motion to Dismiss Smart Systems' Petition for Enforcement of Arbitration Provision and Entry of Arbitration Order in Civil Number 01-325 is **DENIED**.

**IT IS FURTHER ORDERED** that Domotique Secant's Motion to Dismiss the Counterclaims of Smart Systems or Stay the Proceedings Pending Arbitration in Civil Number 02-0013 is **GRANTED IN PART** and **DENIED IN PART** as follows: The counterclaims of Smart Systems in Civil Number 02-0013 are not dismissed, but the proceedings are stayed pending arbitration as indicated below.

**IT IS FURTHER ORDERED** that Smart Systems' Petition for Enforcement of Arbitration Provision and Entry of Arbitration Order in Civil Number 01-325 is **GRANTED IN PART** as follows:

1. Within fifteen (15) days after this Memorandum Opinion and Order is entered and giving due consideration to the qualifications for arbitrators described in Articles 11 through 15 of the UNCITRAL Model Law, Smart Systems is ordered to choose one arbitrator and notify Domotique Secant's counsel of the name, address, and telephone number of the individual so chosen.

2. Within fifteen (15) days after service of notice of Smart Systems' choice of an arbitrator and giving due consideration to the qualifications for arbitrators described in Articles 11 through 15 of the UNCITRAL Model Law, Domotique Secant is ordered to choose one arbitrator and notify Smart Systems' counsel and the arbitrator chosen by Smart Systems of the name, address, and telephone number of the individual so chosen.

3. Within thirty (30) days after service of notice of Domotique Secant's choice of an arbitrator and giving due consideration to the qualifications for arbitrators described in Articles 11 through 15 of the UNCITRAL Model Law, the two members of the arbitral panel shall choose a third arbitrator and notify the parties of the name, address, and telephone number of the individual so chosen.

4. Challenges and disagreements regarding the appointment of the arbitral panel shall be governed by the procedures set forth in Articles 11 through 15 of the UNCITRAL Model Law.

5. The scope of arbitrable issues to be considered by the arbitral tribunal may include the jurisdiction of the arbitral tribunal and the location of the arbitration to the extent permissible under the UNCITRAL Model Law.

6. The Court retains jurisdiction over these consolidated actions, but the proceedings herein are stayed pending arbitration until further notice.

Dated in Albuquerque, New Mexico, this 3d day of July, 2002.

                                                _____
                                                **M. CHRISTINA ARMIJO**
                                                United States District Judge